**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| HENRY J. SEAMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-11-106-FHS-SPS |
| | ) |
| CAROLYN W. COLVIN[1], Commissioner | ) |
| Social Security Administration | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff's counsel filed a Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 23). On November 18, 2013 a response was filed by Defendant. Judgment was entered in favor of Plaintiff on September 27, 2012 remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner issued a May 2, 2013, decision finding in favor of Plaintiff and determining that Plaintiff was entitled to disability benefits for a period of disability beginning on May 9, 2007. On October 14, 2013, Plaintiff's counsel received a letter from the Social Security Administration notifying them that $62,711.00 had been awarded in back benefits and $15,692.75

---

[1]The Court has been informed by Defendant that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted for Michael J. Asture as the defendant in this action. Thus, this suit will proceed with this substitution in effect. See 42 U.S.C. Sec. 405 (g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.")

is being withheld by the agency for the payment of attorney's fees.   This letter indicates that the $15,692.75 amount represents 25% of the $62,711.00 past-due benefits award to Plaintiff.

Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court.  McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006).   In such circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such fees well after the expiration of the fourteen-day period.  Id. at 505.  The McGraw Court noted, however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits."   Id. The Court finds it appropriate to authorize Plaintiff's counsel to file his § 406(b)(1) motion for attorney fees when counsel was notified of the amount of past due benefits that would be paid in the October 14, 2013 letter. The Motion for Attorney Fees was filed on November 3, 2013. The "decision awarding benefits" language referenced by the McGraw Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits. Plaintiff's counsel is entitled to file her motion within a reasonable time of being informed of the past-due benefits amount.   Based on the record before it, the Court finds the motion timely.

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $14,000.00 for counsel's representation of Plaintiff before the

Court.  Counsel's requested fees do not exceed either the amount
contracted for in the parties' contingency agreement or the 25%
limitation of section 406(b).  Neither the Commissioner nor the
Plaintiff have presented any objection to Plaintiff's counsel's
request for fees in the amount of $14,000.00.  The Commissioner
has filed an informative response on the various points of law to
be considered, but does not challenge the reasonableness of the
requested fee.   Plaintiff  has  not  filed  any  response  or
objection.  The Court has conducted an independent review of the
record, including the contingency-fee contract between counsel
and  Plaintiff,  and  counsel's  documented  time  records,  and
concludes  counsel's  motion  is  timely  and  that  the  requested
attorney fee amount of $14,000.00 is reasonable under the facts
and circumstances of this case given the nature and quality of
the  representation  and  the  results  achieved.   See  Gisbrecht v.
Barnhart, 535 U.S. 789, 807-809 (2002); see also Wren v. Astrue,
525 F.3d 931, 937 (10th Cir. 2008)("the 25% limitation of fees
for court representation found in § 406(b) is not itself limited
by the amount of fees awarded by the Commissioner").

     Consequently, Plaintiff's counsel's Motion For Attorney Fees
Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 23) is granted in the
amount of $14,000.00.   Pursuant to Weakley v. Bowen, 803 F.2d
575, 580 (10th Cir. 1986), Plaintiff's counsel is directed to
refund  to  Plaintiff  the  smaller  amount  of  fees  ($4,472.80)
previously  awarded  under  the  Equal  Access  to  Justice  Act
("EAJA"), 28 U.S.C. § 2412(d).  This refund is for the full EAJA
amount, without any  withholding, offset, or deduction.

3

It is so ordered this 7th day of January, 2014.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma